NOT DESIGNATED FOR PUBLICATION

No. 123,596

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of D.H.,
A Minor Child

MEMORANDUM OPINION

Appeal from Gove District Court; BLAKE A. BITTEL, judge. Opinion filed September 3, 2021.
Reversed and remanded with directions.

*Carol M. Park*, of Schwartz & Park, L.L.P. of Hays, for appellant natural mother.

*Olavee F. Raub*, of Raub & Zeigler, L.L.C. of Ellis, for appellee paternal grandfather.

Before HILL, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: The Gove County District Court erred in adjudicating D.H. to be a
child in need of care in this private action her paternal grandfather filed days after F.M.,
the child's mother, attained an enforceable order from this court granting her legal and
physical custody of the child. This action allowed Grandfather to retain physical custody
of D.H. The evidence presented to the district court, however, failed to prove grounds
supporting the allegations in the petition. We, therefore, reverse the district court and
remand with directions to dismiss this case and to enter an order giving legal and physical
custody of D.H. to F.M.

A SHORT FACTUAL AND PROCEDURAL HISTORY

As permitted by K.S.A. 2020 Supp. 38-2233(b), Grandfather filed his petition to have D.H. declared a child in need of care on March 10, 2020—five days after the mandate issued in *In re D.H.*, 57 Kan. App. 2d 421, 453 P.3d 870 (2019), *rev. denied* 311 Kan. 1046 (2020) (*D.H. I*). The mandate would have required the Ellis County District Court to divest the Kansas Department for Children and Families of legal custody of D.H. and Grandfather of physical custody in favor of F.M. In *D.H. I*, we held that the Ellis County District Court erroneously found D.H. to be a child in need of care and, thus, wrongly prevented F.M. from parenting D.H. Under K.S.A. 2020 Supp. 38-2233(b), "[a]ny individual" has the right to file a petition to have a child declared in need of care. Grandfather exercised that statutory grant, compromising the fundamental constitutional right of F.M. to parent D.H. See *Santosky v. Kramer*, 455 U.S. 745, 753, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re B.D.-Y.*, 286 Kan. 686, 697-98, 187 P.3d 594 (2008).

From the outset, the Gove County District Court permitted the Department for Children and Families and Grandfather to continue in their custodial roles. The district court conducted a temporary custody hearing on several nonconsecutive days in fall 2020 and retained the custody arrangements. With the agreement of the parties, the district court considered that evidence along with additional testimony and exhibits at the adjudication hearing in December. In early January 2021, the district court filed a journal entry and order finding D.H. to be a child in need of care on two statutory grounds: She lacked parental custody or control after March 5, 2019, through the time of the adjudication hearing as provided in K.S.A. 2020 Supp. 38-2202(d)(2); and she had been mentally or emotionally abused or neglected after June 22, 2018, as provided in K.S.A. 2020 Supp. 38-2202(d)(3). The district court imposed the time restrictions ostensibly to confine the evidence to changed circumstances after *D.H. I*. Based on the district court's order of adjudication, D.H. remained with Grandfather.

F.M. has appealed the adjudication of D.H. as a child in need of care. See K.S.A. 2020 Supp. 38-2273(a) (interested party may appeal order of adjudication). Adjudication, however, is an interim step in the legal process under the Revised Kansas Code for Care of Children, K.S.A. 2020 Supp. 38-2201 et seq. Ultimately, the process typically culminates either in family reintegration in conformity with a structured plan to strengthen parenting skills and to address other impediments, such as mental health or substance abuse issues, or with a court order terminating parental rights, allowing the child to be permanently placed elsewhere.

During the adjudication hearing, the district court took note of D.H.'s childhood from her birth in December 2007 and received evidence about her upbringing. That history is detailed in *D.H. I*, and we do not recite it at length here. See 57 Kan. App. 2d at 422-26. We do mention several mileposts. The State first intervened when D.H. was about five months old. Then, P.H., D.H.'s father, sought a judicial determination of his paternity and in May 2009 obtained an order giving him primary residential custody of the child with F.M. having parenting time. Meanwhile, F.M. had become pregnant and moved to Granite City, Illinois, where she has family. F.M. gave birth to a special needs son, who is D.H.'s half-sibling, and has continued to live in Granite City.

Going forward, F.M. had very limited contact with D.H. She was parenting her son and had few opportunities to travel. Some evidence suggests P.H. impeded F.M.'s efforts to communicate with or visit D.H. F.M. improved herself and her circumstances in Illinois: She got a GED, had regular employment, maintained a residence, and sought counseling. But F.M. had no in-person contact with D.H. between 2009 and 2015 and visited her briefly in Kansas in 2015 and 2017.

P.H. committed suicide at home on June 20, 2018, while D.H. was there. D.H. found her father's body. Because F.M. was living in Illinois, D.H. was immediately taken

into protective custody and temporarily allowed to reside with Grandfather. The Ellis County Attorney initiated a child in need of care action on the grounds F.M. had abandoned D.H. and the child lacked suitable parental custody and control. As we have said, the Ellis County District Court adjudicated D.H. to be in need of care, and we reversed that ruling in *D.H. I*, requiring dismissal of that action, thereby eliminating any legal impediment to F.M. assuming legal and physical custody of her daughter. Grandfather's initiation of this case imposed a new legal impediment.

LEGAL ANALYSIS

In an adjudication hearing, the district court must find by clear and convincing evidence that a child meets the statutory definition for being in need of care set out in K.S.A. 2020 Supp. 38-2202(d). K.S.A. 2020 Supp. 38-2250 ("The petitioner must prove by clear and convincing evidence that the child is a child in need of care."); *In re B.D.-Y.*, 286 Kan. at 697-98. That is a comparatively demanding level of proof exceeding the common civil standard of more probably true than not but lower than the criminal standard of beyond a reasonable doubt. See 286 Kan. 686, Syl. ¶ 2. An appellate court reviewing an in-need-of-care adjudication must be convinced, based on the complete evidentiary record viewed in favor of the prevailing party, that a rational fact-finder could have viewed that determination to be "highly probable, *i.e.*, [proved] by clear and convincing evidence." 286 Kan. at 705. So, we must resolve any evidentiary conflicts in Grandfather's favor and against F.M. In keeping with that charge, however, we examine the record consistent with the time limits the district court applied to examine only new circumstances following the proceedings in *D.H. I*. Although D.H.'s upbringing before then affords context, we assess the evidence the district court formally considered in finding the child to be in need of care.

The district court's journal entry and order identifies the specific statutory grounds for the in-need-of-care finding and incorporates by reference its oral recitation at the

4

conclusion of the adjudication hearing. The journal entry and order effectively provides no amplification or elaboration of the bases for the decision. In its bench findings, the district court largely recounted D.H.'s personal history and the progression of the earlier judicial actions.

The oral and written findings do not demonstrate F.M. to be incapable of providing parental care or control for D.H. Nor does the record contain evidence sufficient to support such a finding under the clear and convincing standard. F.M. appears to have ably parented D.H.'s half-brother and has adequate employment, housing, and community and family support to take care of both children.

D.H. has been emotionally abused or neglected during her life and carries psychological wounds as a result. Most notably, the circumstances of P.H.'s suicide were emotionally abusive of her. The suicide occurred outside what the district court found to be the relevant timeframe for this action. That, of course, doesn't erase its impact on D.H.

Two counselors testified during the adjudication proceedings. One had an ongoing therapeutic relationship with D.H., and the other met primarily with F.M. and had a few joint sessions with mother and daughter. D.H.'s counselor testified that the child reacted negatively to the possibility of moving to Illinois to live with F.M. She showed signs of heightened anxiety and stress and voiced reluctance and even opposition to living with F.M. The counselor recommended against any immediate change in legal or physical custody of D.H. The other counselor concluded that D.H. would adjust to the change without any significant adverse effects.

Essentially, the evidence established that D.H. was understandably anxious and perhaps even wary of moving to a new place to live with F.M., a parent with whom she had only limited interactions during her lifetime. At the same time, however, a child's apprehensions about living with an otherwise able parent do not render the child in need

of care. Without something more, the evidence of emotional abuse or neglect failed to satisfy the clear and convincing standard as we must view it on appeal and, thus, did not support the district court's finding. If, after F.M. and D.H. are united, there is sufficient friction within the family to indicate the child's health or safety may be at risk, appropriate authorities in Illinois may intercede to address that actual circumstance. See Juvenile Court Act of 1987, 705 Ill. Comp. Stat. § 405/1-1 et seq.; *In re J.S.*, 442 Ill. Dec. 613, 629-30, 160 N.E.3d 475 (2020) (purpose of Act to advance "best interests and safety" of child and to determine if child should be removed from parental custody "as a ward of the court").

When the evidence fails to establish a child is in need of care, the district court must dismiss the petition. K.S.A. 2020 Supp. 38-2251(a). We, therefore, reverse the district court's order determining D.H. to be a child in need of care. We also remand to the district court with directions to dismiss this action and enter appropriate orders giving F.M. legal and physical custody of D.H.

Reversed and remanded with directions.